IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William Henry Strickland, IV, ) | Civil Action No. 6:11-108-JFA-KFM |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| Lt. Riley, et al., ) | |
| Defendants. ) | |

The plaintiff, a local prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On September 12, 2011, the defendants filed a motion for summary judgment. By order filed September 12, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on October 13, 2011, and the defendants filed a reply on October 20, 2011.

**FACTS PRESENTED**

The plaintiff has been an inmate in the Berkeley County Detention Center ("BCDC") since June 12, 2010. He is currently being held on charges of kidnaping, criminal domestic violence of a high and aggravated nature, first degree burglary, and a hold for the Summerville Police Department. In his amended complaint (doc. 35), the plaintiff alleges that he has suffered severe neck and back injuries from having to sleep on a thin mattress

on the floor. He claims that he has "written dozens of grievances and request slips complaining about my severe neck and back pains and the fact that my constitutional rights are being violated" (am. comp. at 1). He also claims that he has been "denied all medical attention" for his neck and back pains (*id.* at 2). The named defendants are Lt. Riley, Captain Mcelvogue, and Sheriff DeWitt.

According to the defendants, the system for inmates at the BCDC to obtain non-emergent medical care is to fill out a request for such care and place it in the box that is designated solely for medical requests. An officer escorts the nurse to the pods, and the nurse collects all such requests. The nurse and/or doctor then make their own independent decision about which inmates to see and when to see them. The plaintiff, during 2011, has filed eight sick call requests. Four were for back pain. In January, 2011, he complained of back pain and was instructed to purchase Tylenol or Motrin from the canteen and to use a rolled up towel under his neck and his knees for support. On September 26, 2011, he again complained of back pain; he was given Tylenol as a courtesy on September 28, 2011, but was instructed to purchase it from the canteen after that. He submitted a second request the following day (September 29, 2011) that appears to not have had a response. The last request is undated by the plaintiff and does not appear to have a response. The other four requests were non-back related issues, and all have a response (def. reply, ex. A).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

2

(1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The plaintiff alleges that he has been sleeping on a thin mattress directly on the concrete floor, he has suffered neck and back pain as a result, and thus his constitutional rights have been violated. To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988)). "[P]rison officials act with the requisite

3

culpable intent when they act with deliberate indifference to the inmates' suffering." *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)), as amended, 75 F.3d 448 (9th Cir.). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

According to the defendants, inmates at the BCDC are assigned to a cell but are not assigned to a bunk within that cell. The plaintiff was assigned to a cell with three other inmates, and at the time he was assigned to that cell, the bunks were already taken. The plaintiff was given the same mattress that all inmates at the jail are issued, and he was issued a stack-a-bunk. Though the stack-a-bunks were removed for a period of time because of inmate misuse, they have now been returned, and the plaintiff currently has one.

It is "well established that 'double or triple celling of inmates is not *per se* unconstitutional.'" *Hause v. Harris*, C.A. No. 0:07-270-JFA-BM, 2008 WL 216651, at *7 (D.S.C. January 23, 2008) (citing *Mathias v. Simpkins*, No. 07-31, 2007 WL 1577336, at *2 (W.D.Va. May 31, 2007)). Here, the plaintiff has failed to show that defendants actually knew of and disregarded a substantial risk of serious injury to him, *see Coclough v. Major*, C.A. No. 6:07-2900-HMH-WMC, 2008 WL 1744556, at *4-5 (D.S.C. April 10, 2008) (citing *Parrish v. Cleveland*, 372 F.3d 294, 302-303 (4th Cir.2004)), that he was deprived a "basic need," and that this deprivation was attended by deliberate indifference on the part of the defendants, *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993), or that defendants had an express intent to punish him. *Hill*, 979 F.2d at 991. Therefore, no viable § 1983 claim has been presented and summary judgment is appropriate on this claim. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (finding no viable claim where pretrial

detainee temporarily had to sleep on a mattress on the floor because such conditions do not necessarily rise to the level of a constitutional violation). Accordingly, this claim fails.

The plaintiff further alleges that he has been denied medical care for his back and neck pain (am. comp. at 2). The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id.* at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.").

5

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). "A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990) (citation omitted). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). *See also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996) (noting that "the subjective component requires proof of more than mere negligence but less than malice").

Additionally, the Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier*, 896 F.2d at 854-55. Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.* Here, the plaintiff has named Lt. Riley, Captain Mcelvogue, and Sheriff DeWitt as defendants. The plaintiff has failed to present any evidence from which a reasonable finder of fact could conclude that these defendants were deliberately indifferent to his serious medical needs. Accordingly, summary judgment in favor of the defendants is warranted on this claim.

Having found that the defendants are entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted (doc. 46).

IT IS SO RECOMMENDED.


May 18, 2012                                                           s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.